UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:17-cr-00287-1 |
| | : | |
| ROBERTO RODRIGUEZ-JIMENEZ | : | |

**O P I N I O N**
**Motion for Sentence Reduction, ECF Nos. 71, 75 – Denied**

**Joseph F. Leeson, Jr.**                                                                                  **August 28, 2024**
**United States District Judge**

## I.      INTRODUCTION

Defendant Roberto Rodriguez-Jimenez filed two *pro se* motions for reduction of

sentence, pursuant to 18 U.S.C. § 3582(c), arguing that (1) he is a zero-point offender eligible for

a two-level offense level reduction pursuant to Amendment 821 to the Sentencing

Guidelines, *see* First Mot., ECF No. 71, and (2) apparently seeking retroactive application of the

guidelines' safety valve provision, pursuant to Amendment 817 to the Sentencing Guidelines,

asking the Court to reduce his sentence to one below the statutory mandatory minimum.  *See*

Second Mot., ECF No. 75.  After consolidating both motions, the Court finds that Rodriguez-

Jimenez is not eligible for relief, and his request for a sentence reduction is therefore denied.

## II.      BACKGROUND

Rodriguez-Jimenez, along with a co-defendant, was charged by grand jury indictment

with conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846,

841(a)(l), and (b)(l)(A), and possession with intent to distribute one kilogram or more of heroin,

in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(A).  Indict., ECF No. 1.  Rodriguez-Jimenez pled

guilty to both counts before this Court, after entering into a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed that the appropriate sentence was 120 months. *See* Plea Doc., ECF No. 33. At his sentencing hearing, this Court calculated Rodriguez-Jimenez's total offense level to be 31 and, in the absence of any prior criminal record, his criminal history score to be zero, resulting in a criminal history category of one. Based on these calculations, the applicable sentencing guideline range would have been 108 to 135 months. *See* U.S.S.G. ch. 5, pt. A (sentencing table). Additionally, based on the amount of heroin, Rodriguez-Jimenez was subject to a statutory mandatory minimum sentence of ten years (i.e. 120 months). *See* 21 U.S.C. § 841(b)(1)(A) ("In the case of a violation of subsection (a) of this section involving . . . [one] kilogram or more of a mixture or substance containing a detectable amount of heroin . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years[.]"). Accordingly, the effective sentencing guideline range was 120 to 135 months. The Court ultimately accepted the plea agreement and sentenced Rodriguez-Jimenez to the statutory minimum term of 120 months on each count, to run concurrently. Jdgmnt., ECF No. 40.

Rodriguez-Jimenez filed two *pro se* motions to reduce his sentence under 18 U.S.C. §§ 3582(c)(1)(A(i), (c)(2), and based on Amendments 821 (zero-point offenders) and 817 (safety valve) to the Sentencing Guidelines. First Mot., ECF No. 71; Second Mot., ECF No. 75. The Government filed responses in opposition. First Resp., ECF No. 73; Second Resp., ECF No. 76. Rodriguez-Jimenez filed reply briefs. First Reply, ECF No. 74; Second Reply, ECF No. 77. Rodriguez-Jimenez has asked the Court to consolidate his motions. *See* Second Mot. at 3 (adopting ECF pagination).

### III.    LEGAL STANDARDS

**A. Sentence Reduction Pursuant to an Amendment to the Sentencing Guidelines – Review of Applicable Law**

"A district court generally may not modify a term of imprisonment after it has been imposed, but it may do so when the adopted sentencing range has been lowered by the Sentencing Commission after the sentence is final and the Commission makes the Sentencing Guideline amendment retroactive." *United States v. Zavala*, No. 02-173, 2024 U.S. Dist. LEXIS 133979, at *4 (E.D. Pa. July 30, 2024) (citing 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 821 (2010)).  When modifying a term of imprisonment, the district court should consider the applicable § 3553(a) factors, as well as ensure that the "'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Aument*, No. 24-1329, 2024 U.S. App. LEXIS 19883, at *2 (3d Cir. Aug. 8, 2024) (quoting 18 U.S.C. § 3582(c)(2)).

**B. Sentence Reduction for Extraordinary and Compelling Reasons – Review of Applicable Law**

Under the First Step Act, a district court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction; . . . the defendant is not a danger to the safety of any other person or to the community;" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. Appx. § 1B1.13.  The Act does not define what qualifies as "extraordinary" and "compelling," but the United States Sentencing Commission has issued a policy statement addressing the topic.  The policy statement gives six circumstances under which extraordinary and compelling reasons could exist: (1) medical condition; (2) age; (3) family circumstances; and

(4) abuse, (5) other reasons similar in gravity, or (6) a change in the law for defendants serving unusually long sentences.  *See* U.S.S.G. § 1B1.13(b)(1)-(6).  The policy statement is not binding on district courts, but "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

### C. Zero-Point Offenders and Amendment 821 to the Sentencing Guidelines – Review of Applicable Law

Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023[1] and applies retroactively, *see* U.S.S.G. § 1B1.10(a)(1), (d), cmt. 7, provides "a two-level reduction available for 'Zero-Point Offenders' that meet certain criteria enumerated in U.S.S.G. § 4C1.1." *See Aument*, 2024 U.S. App. LEXIS 19883, at *2.  Under this amendment, a defendant qualifies for a reduction as a zero-point offender if

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

---

[1]     *See* U.S. Sentencing Comm'n, *Amendment 821*, available at https://www.ussc.gov/guidelines/amendment/821.

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See* U.S.S.G. § 4C1.1.

### D. Safety Valve and Amendment 817 to the Sentencing Guidelines – Review of Applicable Law

The "safety valve" provision of section 3553 allows judges to sentence a defendant that meets certain statutory criteria below an applicable statutory mandatory minimum. *See* 18 U.S.C. § 3553(f); *United States v. Long*, 91-570, 2009 U.S. Dist. LEXIS 39761, at *1-2 (E.D. Pa. Mar. 17, 2009). *See also* U.S.S.G. § 5C1.2. Since the First Step Act amended the eligibility criteria of the safety valve provision, *see id*. § 3553(f), Amendment 817 revised the United States Sentencing Guidelines to conform to this change, and the amendment went into effect on November 1, 2023. *See* U.S. Sentencing Comm'n, *Amendment 817*, available at https://www.ussc.gov/guidelines/amendment/817 ("The First Step Act amended the eligibility criteria of the "safety valve" provision at 18 U.S.C. § 3553(f) and the enhanced penalty provisions for certain drug trafficking defendants at 21 U.S.C. §§ 841(b) and 960(b). The amendment primarily revises § 5C1.2 to conform it to the statutory safety valve, as amended by the First Step Act."). Among other things, the safety valve amendment broadened

the criminal history eligibility criteria to include defendants who do not have: (1) "more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines"; (2) a "prior 3-point offense, as determined under the sentencing guidelines"; and (3) a "prior 2-point violent offense, as determined under the sentencing guidelines.

*Id*. U.S.S.G. § 5C1.2

Although eligibility for safety valve relief was expanded under the amendment, the changes were not made retroactive. *See* U.S.S.G. § 1B1.10(d).

## IV.     DISCUSSION

For the forgoing reasons, Rodriguez-Jimenez is not entitled to relief under either amendment to the Sentencing Guidelines.

**Amendment 821 – Zero-Point Offenders**

The Government sets forth, and the Court agrees, that application of the zero-point amendment reduces Rodriguez-Jimenez's offense level to 29 and his sentencing guideline range to 87 to 108 months. *See* First Resp. at 5. *See also* U.S.S.G. ch. 5, pt. A (sentencing table). However, as the Government also points out, Rodriguez-Jimenez is nevertheless ineligible for sentence reduction because he remains subject to the statutory mandatory minimum sentence of 120 months. *See* Resp. at 5. *See also* 21 U.S.C. § 841(b)(1)(A). This statutory mandatory minimum effectively becomes Rodriguez-Jimenez's guideline sentence.[2] *See* U.S.S.G. 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Consistent with the sentencing guidelines' applicable policy statements, a defendant's sentence remains unaffected by a retroactive amendment to the guidelines when a statutory mandatory minimum sentence applies that is above the guideline range. *See United States v. Doe*, 564 F.3d 305, 311-12 (3d Cir. 2009); U.S.S.G. § 1B1.10 cmt. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range

---

[2]      The effective guideline range is reduced to 120 to 120 months.

because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*). (emphasis added)).  Therefore, the Court cannot reduce Rodriguez-Jimenez's sentence below the 120 months he was given, because his sentence reflects the statutory mandatory minimum sentence.

**Amendment 817 – Safety Valve**

Additionally, Rodriguez-Jimenez's safety valve argument is not a basis for relief.  First, since Amendment 817 does not apply retroactively, *see* U.S.S.G. § 1B1.10(d), it therefore cannot be the basis of sentence reduction sought under § 3582(c)(2).  Such a reduction would be inconsistent with the Sentencing Commission's applicable policy statements.  *See* 18 U.S.C. § 3582(c)(2).  Second, the safety valve amendment is not an "extraordinary and compelling reason[]" to reduce Rodriguez-Jimenez's sentence under § 3582(c)(1)(A)(i).  To support his argument that the safety valve provision is an extraordinary and compelling reason to reduce his sentence, Rodriguez-Jimenez relies on a policy statement to the Sentencing Guidelines, specifically, section 1B1.10(b)(5), which allows relief for a defendant that "presents any other circumstance or combination of circumstances" similar in gravity to the reasons articulated by the guidelines (i.e. age, medical circumstances, family circumstances, and abuse).  *See* Second Mot. at 2-4; Reply at 3.  *See also* U.S.S.G. § 1B1.10(b)(1)-(4).  However, the policy statement specifically excludes non-retroactive guideline amendments from consideration as extraordinary and compelling reasons.  *See* U.S.S.G. § 1B1.10(c) ("Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) *shall not be considered* for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.  However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this

policy statement, a change in the law (including an amendment to the Guidelines Manual that has

not been made retroactive) may be considered for purposes of determining the extent of any such

reduction."). Therefore, the Court finds both arguments for relief under this retroactive

amendment to be unavailing.

### V.        CONCLUSION

Due to his statutory mandatory minimum sentence, Rodriguez-Jimenez is ineligible for

relief under Amendment 821. Additionally, the nonretroactive amendment to the safety valve

provision is not a basis for relief. Therefore, Rodriguez-Jimenez's motion for sentence reduction

is denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge